**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                              Plaintiff,              1:19-cv-1621 (BKS/DJS)

v.

RICHARD A. SCOTT, if living, and if he/she be dead, any and all persons unknown to plaintiff, claiming or who may claim to have an interest in, or generally or specific lien upon the real property described in this action; such unknown persons being herein generally described and intended to be included in the following designation, namely: the wife, widow, husband, widower, heirs at law, next of kin, descendants, executors, administrators, devisees, legatees, creditors, trustees, committees, lienors, and assignees of such deceased, any and all persons deriving interest in or lien upon, or title to said real property by, through or under them, or either of them, and their respective wives, widows, husbands, widowers, heirs at law, next of kin, descendants, executors, administrators, devisees, legatees, creditors, trustees, committees, lienors and assigns, all of whom and whose names, except as stated are unknown to plaintiff, HOMEFRONT DEVELOPMENT CORPORATION, THE PEOPLE OF THE STATE OF NEW YORK, in care of Town of Plattsburgh Justice Court, and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,

                              Defendants.

---

**Appearance:**

*For Plaintiff:*
Barry M. Weiss
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff United States of America brings this action seeking to foreclose a mortgage encumbering 8 Lincoln Street, Granville, New York (the "Property"). (Dkt. No. 38 (amended complaint)).[1] Defendants Richard A. Scott, the owner and mortgagor of the Property; Homefront Development Corporation ("Homefront"); the People of the State of New York, in care of Town of Plattsburgh Justice Court; and New York State Department of Taxation and Finance ("NYSDTF") have failed to file an answer to the amended complaint or otherwise appear in this action.[2] Presently before the Court is Plaintiff's second renewed motion for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 56). For the following reasons, Plaintiff's motion for default judgment is granted in part and denied in part.

**II.    BACKGROUND**

Plaintiff brought its initial motion for default judgment on October 1, 2020. (Dkt. No. 15). The Court denied the motion due to Plaintiff's failure to comply with the procedures required under Article 13 of New York Real Property Actions and Proceedings Law ("RPAPL"), N.Y. Real Prop. Acts. Law §§ 1301–1392, and directed Plaintiff that any renewed motion must address the noted deficiencies. (Dkt. No. 18). Plaintiff filed a renewed motion for default judgment on June 11, 2021. (*See* Dkt. Nos. 19, 22). The Court denied that motion because Plaintiff had "failed to show its compliance with [N.Y. R.P.A.P.L. § 1320] or otherwise provide authority permitting it to proceed in this action without having complied with Section 1320."

---

[1] This Court has jurisdiction under 28 U.S.C. § 1345 as the United States is the Plaintiff in this action.

[2] The Court previously dismissed Defendants John Doe, Mary Roe, and XYZ Corporation. (Dkt. No. 18, at 11).

2

(Dkt. No. 25, at 5). The Court assumes familiarity with the facts of this case and applicable law, as set forth in its previous decisions. (Dkt. Nos. 18, 25).

When Plaintiff attempted to re-serve the summons and complaint accompanied by the Section 1320 notice, it discovered that Defendant Scott "no longer resided at the premises where he was previously served" and was unable to "ascertain the whereabouts or a new address" for him. (Dkt. No. 56, at 7; *see also* Dkt. No. 31 (February 17, 2022 status report documenting due diligence)). Plaintiff therefore moved for an order (1) allowing service of Defendant Scott by publication, (2) appointing a guardian ad litem and military attorney, and (3) adding NYSDTF as a Defendant "by virtue of any potential unpaid estate taxes that may be due and owing should the Defendant Richard Scott be deceased." (Dkt. No. 35). United States Magistrate Judge Daniel J. Stewart granted Plaintiff's motion. (Dkt. No. 36). Plaintiff filed its amended complaint, which also lists as a Defendant the People of the State of New York, "c/o Town of Plattsburgh Town Court," on April 22, 2022. (Dkt. No. 38). Attorney John B. Casey appeared as guardian ad litem and military attorney "on behalf of any said defendant who may be an infant, absentee or incompetent, or unknown successors in interest of the Defendant [Scott] who may no longer be in existence, and to protect and defend the interests of said defendant in this action." (Dkt. No. 43; Dkt. No. 46).

### III.   DISCUSSION

#### A.   Entry of Default Judgment

On August 15, 2022, Plaintiff requested a clerk's entry of default under Rule 55(a) and, as required by Local Rule 55.1, Plaintiff submitted an affidavit stating that: (1) none of the individual defaulting Defendants is in the military and (2) none of the defaulting Defendants is an infant or incompetent person, (3) Plaintiff properly served each Defendant, and (4) Defendants have failed to file an answer or otherwise defend this action. (Dkt. No. 51). Plaintiff

3

properly served Defendant Scott in accordance with Fed. R. Civ. P. 4(e)(1) and Section 316 of the New York Civil Practice Law and Rules ("CPLR") by serving Defendant Scott by publication in accordance with Magistrate Judge Stewart's order. (Dkt. No. 47). Plaintiff properly served Defendant Homefront in accordance with Fed. R. Civ. P. 4(h)(1)(B) by serving the summons and complaint at its place of business. (Dkt. No. 34; *see also* Dkt. No. 44 (service of amended complaint)). Plaintiff properly served Defendants the People of the State of New York and NYSDTF in accordance with Fed. R. Civ. P. 4(j)(2) and CPLR 307(2) by delivering the summons and amended complaint on an individual designated to receive service. (Dkt. No. 45).

On August 16, 2022, Plaintiff received a clerk's entry of default as to Defendants Scott and Homefront. (Dkt. No. 52). Plaintiff filed a subsequent request for a clerk's entry of default under Rule 55(a) as against Defendants the People of the State of New York and NYSDTF, (Dkt. No. 54), which the clerk entered on August 31, 2022, (Dkt. No. 55). Plaintiff filed the instant motion for default judgment under Rule 55(b) on September 19, 2022. (Dkt. No. 56). Although Plaintiff served the motion on Defendants by mail, (*see* Dkt. No. 56-3 (certificate of service)), Defendants filed no response. Therefore, Plaintiff has met the procedural requirements for entry of a default judgment under Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b), and the Court will address liability and damages.

### B. Compliance with RPAPL

"In New York, prior to commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the Real Property Actions and Proceedings Law." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021); *see OneWest Bank, N.A. v. Conklin*,

4

310 F.R.D. 40, 44 (N.D.N.Y. 2015).[3] To state a valid mortgage foreclosure claim, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default on that debt. *OneWest Bank, N.A.*, 310 F.R.D. at 44 (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)). Second, Plaintiff must comply with the RPAPL service and filing requirements: (1) service of the statutory notice on the mortgagor prior to commencing the action,[4] (2) service of the statutory notice on the mortgagor with the summons and complaint,[5] (3) filing the required information with the superintendent of the New York State Department of Financial Services,[6] (4) service of a summons containing specified language,[7] and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York C.P.L.R. § 6511(a).[8] *Id.*

As the Court previously determined in ruling on Plaintiff's initial motion for default judgment, Plaintiff established the common-law elements of a mortgage foreclosure claim and its

---

[3] *See also* 42 U.S.C. § 1475(b) (providing that, in foreclosing on a rural housing loan mortgage, "the Secretary shall follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed").

[4] Section 1304 of the RPAPL requires the lender to serve a statutory notice entitled "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY" on the borrower at least ninety days before commencing the foreclosure action. N.Y. R.P.A.P.L. § 1304; *see also OneWest Bank, N.A.*, 310 F.R.D. at 44 n.3.

[5] Section 1303 of the RPAPL requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.4.

[6] Section 1306 of the RPAPL requires the lender to file the "New York State Department of Financial Services' form containing the borrower's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage" within three business days of mailing the Section 1304 notice. *OneWest Bank, N.A.*, 310 F.R.D. at 44 n.5.

[7] Section 1320 of the RPAPL requires the lender to serve a summons that, in addition "to the usual requirements applicable to a summons in the court," contains a notice "in boldface" that reads "NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME." N.Y. R.P.A.P.L. § 1320.

[8] Section 1331 of the RPAPL requires that the plaintiff, "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." N.Y. R.P.A.P.L. § 1331. New York C.P.L.R. § 6511(a) requires that, unless the complaint has already been filed in the county in which the property affected is located, the complaint must be filed with the notice of pendency. N.Y. C.P.L.R. § 6511(a).

5

compliance with RPAPL §§ 1303, 1304, 1331. (Dkt. No. 18, at 6–7). Further, as the Court determined in ruling on Plaintiff's renewed motion for default judgment, Plaintiff provided evidence that it complied with RPAPL § 1306 by making the required filing with the Department of Financial Services. (Dkt. No. 25, at 3–4).

However, Plaintiff's prior motions did not adequately reflect that it complied with Section 1320, which requires a special summons in private residence cases. In denying Plaintiff's renewed motion for default judgment, therefore, the Court directed that Plaintiff re-serve the summons and complaint, "accompanied by the boldface notice required by N.Y. R.P.A.P.L. § 1320." (*Id.* at 7). Plaintiff now argues that, "[b]ecause the subject property was vacant, and the borrower was served by publication," it "was not necessary or practicable for Richard A. Scott to be served" with the Section 1320 notice. (Dkt. No. 56, at 8). Under the unique circumstances of this case, and because Plaintiff complied with Magistrate Judge Stewart's order allowing service by publication, the Court will grant Plaintiff's motion for default judgment against Defendant Scott. (*See* Dkt. No. 36, at 1–2 (ordering that "service of the Summons" upon Defendant Scott, "together with a notice and brief statement of the object of the action and a brief description of the property, be published" in two specific newspapers "once a week for four (4) consecutive weeks"); Dkt. No. 47 (proof of service by publication)).

### C. Remaining Defendants

The amended complaint alleges:

> The Defendant, besides Richard A. Scott, named in the caption of the Complaint, as set forth in Exhibit[] "D", have or may have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any[,] accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

(Dkt. No. 38, ¶ 13; *see also* Dkt. No. 38, at 29 (Exhibit D to the amended complaint referencing a mortgage in favor of Homefront recorded on January 25, 2010)). The instant motion for default

6

judgment does not expressly mention Homefront, the People of the State of New York, or NYSDTF. (Dkt. No. 56). While courts in this Circuit "regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants, or holders of subordinate mortgages," *Freedom Mortg. Corp. v. Weisblum*, No. 19-cv-2033, 2020 WL 5881235, at *6, 2020 U.S. Dist. LEXIS 152360, at *16–17 (E.D.N.Y. Aug. 19, 2020) (collecting cases), *report-recommendation adopted*, 2020 WL 5878262, 2020 U.S Dist. LEXIS 182821 (E.D.N.Y. Oct. 2, 2020), it is not clear that any lien Homefront has on the Property is subordinate to Plaintiff's lien as a matter of law. Based on the documents submitted with the motion for default judgment, it appears that both mortgages were recorded on the same day. (Dkt. No. 56, at 24 (mortgage in favor of Plaintiff recorded on January 25, 2010), 119 (mortgage in favor of Homefront recorded on January 25, 2010)).[9] Accordingly, the Court denies Plaintiff's motion for default judgment to the extent it seeks to extinguish any rights Homefront may have with respect to the Property.

Because the amended complaint contains no allegations with respect to the People of the State of New York or NYSDTF, the Court similarly denies Plaintiff's motion for default judgment to the extent it seeks to extinguish any rights those Defendants may have with respect to the Property. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *cf. Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 65–67 (N.D.N.Y. 2011) (granting motion for default judgment against NYSDTF where the complaint contained "well-pleaded allegations of nominal liability—i.e., that any judgments the

---

[9] Plaintiff has not addressed this issue despite the fact that the Court brought it to Plaintiff's attention in both of its prior decisions. (Dkt. No. 8, at 9 n.9; Dkt. No. 25, at 5 n.8).

defaulting defendant may have against [the mortgagor and personal guarantor] are subordinate to plaintiff's").

### D.    Monies Owed

A party's default "is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Sec. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine if there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6, 2011 U.S. Dist. LEXIS 107409, at *13 (E.D.NY. Sept. 23, 2011).

### 1.    Amount Due on Note

In connection with the instant motion for default judgment, Plaintiff seeks a total of $142,000.86 due on the note, calculated through July 13, 2022 and broken down as follows:

| | |
|---|---|
| Unpaid Principal | $73,153.57[10] |
| Unpaid Interest | 13,258.73 |
| Subsidy to Be Recaptured | 19,744.08 |
| Escrow | 1,919.74 |
| Late Charges | 47.35 |
| Other Fees | 33,877.39 |

---

[10] Plaintiff's statement of damages lists the unpaid principal as $71,153.57. However, elsewhere the unpaid principal is documented as $73,153.57; it is this amount that results in a total of $142,000.86 being sought.

      TOTAL:      $142,000.86

(Dkt. No. 56, at 17, 161). To support these charges, which exceed those the Court found adequately supported in its ruling on Plaintiff's renewed motion for default judgment, (*see* Dkt. No. 25, at 6–7), Plaintiff has submitted an affidavit from Michelle W. Barnard, a Foreclosure Specialist with the USDA Rural Housing Service, (Dkt. No. 56, at 157–94). Ms. Barnard's affidavit and the accompanying documentation provides support for the unpaid principal, unpaid interest, subsidy recapture, late charges figures, and other fees. (*See id.* at 180–94; *see also* Dkt. No. 22-1, at 4 (providing more detailed support for the $19,744.08 subsidy recapture figure)). The affidavit provides support of an escrow charge of $1,919.7<u>3</u>, rather than $1,919.74. (Dkt. No. 56, at 180). Accordingly, the Court finds that Plaintiff is entitled to damages in the amount of $142,000.85 through July 13, 2022. Plaintiff is also entitled to contractual interest on the unpaid balance of the note—$73,153.57— at a rate of 4.875% per annum. (*Id.* at 20).

    **2.**  **Fees and Disbursements**

 Plaintiff seeks to recover a total of $1,652.65 in "fees and disbursements," consisting of amounts expended for the civil case filing fee, paid for searches, serving the summons and complaint, the clerk's fee for filing the notice of pendency, and postal costs. (Dkt. No. 56, at 17). The mortgage provides that Plaintiff is entitled to recover fees, costs, and other disbursements incurred in protecting the Property, which "shall become additional debt of Borrower secured by this Security Instrument." (*Id.* at 28). However, Plaintiff has not provided any supporting documentation to provide an "evidentiary basis" for the fees sought. *Cement & Concrete*

*Workers Dist. Council Welfare Fund*, 699 F.3d at 234.[11] The Court therefore denies Plaintiff's request to recover these fees and disbursements.

### 3. Attorney's Fees

Finally, Plaintiff seeks to recover attorney's fees of $3,875.00. (Dkt. No. 56, at 18). In support of this request, Plaintiff submitted an "Affirmation of Legal Services," signed by Attorney Barry M. Weiss, detailing that this amount consists of a total flat fee of $3,500.00, $125.00 for the preparation of the 90-day notice, and $250.00 for the preparation of the clerk's entry of default. (Dkt. No. 56, at 11–15). Although Attorney Weiss indicates that "individual time sheets are not maintained," he describes some of the work performed on this matter, amounting to 9.5 hours of paralegal time and 8 hours of attorney time. (*Id.* at 12–14).

"Generally, 'courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 713 (W.D.N.Y. 2018) (citation omitted). Here, Plaintiff has not provided contemporaneous time sheets, nor has it provided information regarding which attorney or paralegal performed the work in this case, other than noting that Attorney Weiss is an "Associate." Nonetheless, "the product of a reasonable hourly rate and the reasonable number of hours required by the case creates a presumptively reasonable fee." *See Meuten*, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *10–11. It is "generally accepted that the reasonable rate for paralegal time in

---

[11] The Court also notes that Plaintiff seeks to recover a $400 fee for filing a civil case. (Dkt. No. 56, at 17). Because Plaintiff is the United States, the filing fee for this action was waived, as confirmed by the civil cover sheet attached to the Complaint. (Dkt. No. 1-1, at 1); *see also United States v. Meuten*, No. 19-cv-1530, 2022 WL 1813985, at *4, 2022 U.S Dist. LEXIS 98330, at *10 (N.D.N.Y. June 2, 2022) (denying request to be reimbursed for the filing fee where the plaintiff was the United States and did not pay a filing fee).

this District is $90 per hour," *Nationstar Mortg. LLC v. Dolan*, No. 16-cv-1360, 2019 WL 1970522, at *4 n.2, 2019 U.S. Dist. LEXIS 74942, at *11 n.2 (N.D.N.Y. May 3, 2019). Hourly rates of around $200 have been held reasonable for an associate or less experienced attorney. *See id.* (noting that an hourly fee of $200 has been held reasonable for an attorney with five years of experience); *Meuten*, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *11 (noting that hourly rates of $250–$350 for "partners and experienced counsel" and $165–$200 for associates are "appropriate" and "reasonable").

Accordingly, applying a $90.00 hourly rate to the paralegal hours expended and an hourly rate of $200.00 to the attorney hours expended, the Court finds that a total of $2,455 is a reasonable amount of attorney's fees under the circumstances.

### IV.  CONCLUSION

As discussed above, Plaintiff has failed as a matter of law to state claims against Homefront, the People of the State of New York, and NYSDTF. *Supra* Section III.C. Given the age of this case and Plaintiff's multiple attempts to obtain default judgment, the Court declines to afford Plaintiff another opportunity to move for default judgment as to these Defendants. The Court therefore dismisses Plaintiff's claims against those entities without prejudice.

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 56) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's motion for Judgment of Foreclosure and Sale (Dkt. No. 56) is **GRANTED in part**; and it is further

**ORDERED** that Plaintiff's claims against Homefront Development Corporation, the People of the State of New York, and New York State Department of Taxation and Finance are **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

The Court will enter a Judgment of Foreclosure and Sale under separate Order.

**IT IS SO ORDERED.**

Dated: <u>November 18, 2022</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge